UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ACE CAB, INC. aka ACE CAB COMPANY; DEREJE GUALE; JON VINCE; and LINCOLN GENERAL INSURANCE COMPANY,<br><br>Defendants. | Case No. 2:11-cv-01879-MMD-PAL<br><br>ORDER<br><br>(Plf.'s Motion to Dismiss Ace Cab's Counterclaim – dkt. no. 11) |

**I.   SUMMARY**

Before the Court is Plaintiff/Counterdefendant James River Insurance Company's Motion to Dismiss. (Dkt. no. 11.) For reasons discussed below, the Motion is denied.

**II.   BACKGROUND**

This case is an insurance dispute arising from an automobile accident, which occurred on February 3, 2007. Defendant Dereje Guale ("Guale") was employed by Defendant Ace Cab, Inc. ("Ace") when the cab he was driving collided with another vehicle driven by Jon Vince ("Vince"). Ace's fleet of vehicles was covered by an insurance policy with Defendant Lincoln General Insurance Company, which provided $1,000,000 in liability coverage. In addition, Ace had a secondary insurance policy (the "Policy") with Plaintiff James River Insurance Company ("James River"), which provided $4,000,000 additional coverage on claims for liability in excess of $1,000,000. Vince

brought suit (the "Underlying Action") against all parties to the instant action. The Underlying Action was settled for more than $1,000,000.

James River brought this action on November 21, 2011, to recover an amount it allegedly paid out on the claims, but was not obligated to pay based on Ace's non-compliance with the Policy. Ace counterclaimed for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of Nevada's Unfair Trade Practices Act, alleging that it was in full compliance with the terms of the contract and that James River failed to investigate, defend, evaluate, and ultimately, pay the claim as obligated. James River now seeks dismissal of the Counterclaim.

## III. DISCUSSION

The standard on a motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6) is the same as on a motion to dismiss a plaintiff's complaint. To survive a motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *E.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The factual matter must be "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Dismissal is proper where a counterclaim does not permit the court to infer more than the mere possibility of misconduct and the complaint has simply "alleged—but not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. Contrarily, a claim survives a motion to dismiss when the counterclaim alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

James River asserts that the breach of contract, insurance bad faith, and Nevada Unfair Trade Practices Act claims in Ace's Counterclaim do not state a claim upon which relief can be granted because 1) Ace did not comply with the notification terms of the policy and thus, James River was not obligated to pay, 2) James River was not obligated to pay until the settlement with Vince and the primary insurance limit was exhausted, and

3) James River actually paid out on the policy. James River argues that these assertions constitute legal deficiencies with which the Counterclaim cannot survive.

However, James River misconstrues the 12(b)(6) standard. Ace's Counterclaim alleges that it was, at all times, in full compliance with the terms of the policy, including the notification provisions, and that upon notification, James River failed to conduct a reasonable investigation, evaluate the claim, defend against the claim, and ultimately, pay the claim. On a motion to dismiss, the Court must presume the facts stated in the Counterclaim are true and these alleged facts are sufficient to sustain the breach of contract, insurance bad faith, and Nevada Unfair Trade Practices claims. James River's Motion simply presents its own version of the facts and demonstrates that a factual dispute exists between the parties. Evidence will determine whose version is correct; however, on a motion to dismiss, this inquiry is premature.

Additionally, the documents attached to James River's Motion do not resolve the factual dispute. James River asserts that the Court may properly consider the Policy itself and may take judicial notice of the settlement agreement from the Underlying Action. James River further asserts that those documents contradict Ace's factual account presented in the Counterclaim and argues that, consequently, the Counterclaim is not plausible and should be dismissed. The Court disagrees.

"Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). James River properly notes that the Court may examine the insurance policy as Ace relies on this policy in their Counterclaim and does not challenge the authenticity of James River's proffered document. However, the dispute is not about what the contract requires, but rather, if Ace complied. Both parties have alleged a different set of facts regarding Ace's compliance. The insurance policy does not resolve

this factual dispute. The Court must accept the facts alleged in the Counterclaim as true, and thus, dismissal is improper.

Further, although a court may take judicial notice of documents in the public record, *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986), the settlement agreement attached to James River's motion does not give any indication that it exists within the public record. Rather, the document appears to be a private contractual release of claims between the parties.  As such, this is not the kind of fact that may be judicially noticed. The Court also notes that even if the document were proper for the Court's consideration, the substance of the document is not proof of payment, but simply that James River had agreed to pay. This is consistent with Ace's set of facts in which James River was obligated to pay and refused to do so.

Ace's Counterclaim alleges facts that allow the Court to draw a reasonable inference that James River is liable for the alleged misconduct.  Consequently, the Motion to Dismiss is denied.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff/Counterdefendant James River's Motion to Dismiss Ace Cab's Counterclaim is DENIED.

DATED THIS 31st day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE