UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, | Case No. 2:11-cv-01879-APG-PAL |
| Plaintiff, | **O R D E R** |
| v. | |
| ACE CAB, INC. aka ACE CAB COMPANY, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff James River Insurance Company's ("James River") Motion [Dkt. #50] that judgment not be entered against it based upon its Offer of Judgment. For the reasons set forth below, the Motion is granted.

**I.   BACKGROUND**

James River's Amended Complaint [Dkt. #26] seeks declaratory relief and recovery of funds it paid in connection with a claim arising out of a February 3, 2007 automobile accident. At the time of the accident, defendant Dereje Guale ("Guale") was driving a taxi cab owned by Ace Cab, Inc., aka Ace Cab Company ("Ace"). Guale collided with a car operated by John N. Vince ("Vince").

At the time of the accident, Ace was covered by a Business Auto Coverage Insurance Policy issued by Lincoln General Insurance Company ("Lincoln"). In addition, James River had issued a Commercial Excess Liability Policy to Frias Holding Company (the "James River Excess Policy"); Ace was a scheduled insured under the James River Excess Policy.

On January 13, 2009, Vince filed a state court lawsuit against Guale and Ace. Prior to notifying James River of the lawsuit, Ace and Lincoln were presented with a demand to settle the underlying lawsuit within the primary limits, but failed to do so. James River contends that the underlying lawsuit should have settled within Lincoln's primary policy limits of $1,000,000.00. Ultimately, the underlying case was resolved for an amount in excess of the primary policy limits only after contribution from James River. James River initiated the present action against Ace, Guale, and Lincoln seeking, among other things, to recover the amount it paid out in the underlying lawsuit.

On February 7, 2013, Lincoln served James River with an Offer of Judgment, whereby Lincoln offered to allow judgment to be taken against Lincoln for $1,000.00. In response and also on February 7, 2013, James River served a counter Offer of Judgment to Lincoln in the sum of $550,000.00. On February 12, 2013, Lincoln filed its Notice of Acceptance of Offer of Judgment [Dkt. #46]. Upon receipt of this document, James River realized a mistake had been made in its counter Offer of Judgment. Specifically, James River intended its offer to allow judgment to be taken in its favor and *against Lincoln* in the amount of $550,000.00; however, the offer that was served mistakenly offered to allow judgment *in favor of Lincoln* rather than in favor of James River. Upon recognizing this mistake, that same day James River filed a Notice of Withdrawal and Errata to Offer of Judgment [Dkt. #47], correcting the mistake and making a new Offer of Judgment to Lincoln.

On February 13, 2013, pursuant to the first (incorrect) offer, the clerk of court mistakenly entered a Clerk's Judgment [Dkt. #48] in favor of James River and against Lincoln for $550,000.00. Obviously, the clerk likewise did not catch the mistake in James River's first offer. Later that day, the clerk was notified by defendants' counsel that the Judgment was incorrect, whereby the Clerk's Judgment was stricken and vacated. [Dkt. #49]. Counsel was advised to file an amended and corrected Notice of Acceptance of Offer of Judgment, and the Clerk's office would enter a new judgment. [*Id.*] No new judgment has yet been entered.

James River now moves this Court for an Order prohibiting judgment from being entered on its mistaken Offer of Judgment. [Dkt. #50]. James River contends that Lincoln was, or should have been, aware of the inadvertent mistake contained in that Offer, but nevertheless accepted it. James River seeks relief from the accepted erroneous Offer of Judgment by Lincoln based on mistake, inadvertence and/or excusable neglect.

**II.     ANALYSIS**

Rule 68 offers should be governed and construed according to ordinary principles of contract law, and (under certain limited circumstances) may be revocable when a mistake is made. *Fisher v. Stolaruk Corp.*, 110 F.R.D. 74, 76 (E.D. Mich. 1986). Offers made pursuant to Rule 68 can be revoked only in very limited circumstances. *Cesar v. Rubie's Costume Co.*, 219 F.R.D. 257 (E.D.N.Y. 2004). The court in *Fisher* adopted a four-part test for determining when an offering party is entitled to rescission: 1) the mistake must be sufficiently consequential that enforcement of the contract would be unconscionable; 2) the mistake must be material; 3) the mistake must have not been caused by negligent conduct; and 4) it must be possible to place the plaintiff in the same position it was in *ex ante*. 110 F.R.D. at 76. Rule 68's effectiveness in encouraging settlements will not be undermined by permitting a mistaken offer to be revoked when the mistake is discovered before (or shortly after) acceptance and revocation is sought immediately thereafter. *Cesar*, 219 F.R.D. at 260. Obviously, the court must exercise extreme caution when reviewing such circumstances to prevent parties from engaging in gamesmanship with Rule 68 offers. Such gamesmanship is not present here.

James River satisfies the *Fisher* four-pronged test. First, enforcement of James River's mistaken offer would be unconscionable. James River has asserted claims for declaratory relief and equitable subrogation against Lincoln, but Lincoln has not asserted any counterclaims against James River. It would be unconscionable to enforce an offer of judgment that awarded $550,000 to a party that is not seeking to recover any damages in the lawsuit.

Second, the mistake was material given the significant amount of the offer ($550,000) and the fact that the receiving party (Lincoln) is not claiming any damages.

3

Third, the mistake was not caused by negligent conduct.  The facts here are analogous to those in *Cesar*.  *Id.* at 261.  There, the Court concluded that although defendants' counsel appeared to have demonstrated a degree of negligence, such negligence amounted to a clerical mistake that any reasonable attorney could have made.  *Id.*  A similar clerical mistake was made here, as defense counsel inadvertently interchanged the names of the parties.

Fourth, as in *Cesar*, the offer, revocation and acceptance occurred over a very short period of time.  *Id.*  Lincoln has no claims for damages against James River and therefore no reasonable expectation of entitlement to the same.  Thus, Lincoln has suffered no prejudice and can be restored to its *ex ante* position.

Based on the foregoing, James River is entitled to revoke its mistaken Offer of Judgment, and no judgment may be entered based upon it.[1]

Finally, Lincoln requests that if James River's erroneous Offer of Judgment is revoked, then James River's Errata to Offer of Judgment [Dkt. #47] that corrected the error likewise should be stricken.  James River does not oppose this request.  Under the circumstances of this case, fairness and equity dictate that result.

### III. CONCLUSION

For all the foregoing reasons, James River's Motion [Dkt. #50] is GRANTED.  The erroneous Offer of Judgment is revoked and Judgment shall not be entered upon it.  In addition, James River's Errata correcting the Offer of Judgment [Dkt. #47] is stricken.

Dated this 21st day of June, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Although no judgment has been entered based upon the mistake offer, James River alternatively seeks relief under FRCP 60(b).  FRCP Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect. . . ."  Rule 60(b) provides a procedural device for relief from a Rule 68 judgment.  *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995).  Given the foregoing ruling allowing James River to revoke its offer, James River's request for relief under Rule 60(b) is moot.  Nevertheless, had it not been moot, the court would have granted such relief.